# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SOUTHERN CAPITAL PRESERVATION, LLC and PAUL PAWLIK,<br><br>    Plaintiffs<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>    Defendants | Case No.: 2:15-cv-00801-APG-EJY<br><br>**Order (1) Granting in Part the Plaintiffs' Motion for Summary Judgment, (2) Granting Freddie Mac's Motion for Summary Judgment, and (3) Directing Freddie Mac to File a Status Report Regarding Its Unjust Enrichment Claim**<br><br>[ECF Nos. 34, 36] |

Plaintiffs Southern Capital Preservation, LLC and Paul Pawlik own as tenants in common property located at 8989 Marmo Avenue in Las Vegas, Nevada. They purchased the property at a nonjudicial foreclosure sale conducted by the homeowners association (HOA). They sue to determine whether the HOA's sale extinguished the deed of trust. Defendant Federal Home Loan Mortgage Corporation (Freddie Mac) asserts counterclaims for a declaration that the deed of trust still encumbers the property and for unjust enrichment.[1]

The plaintiffs move for summary judgment, arguing they are bona fide purchasers and Freddie Mac cannot resort to equity because it failed to take action to stop the sale. Freddie Mac opposes and moves for summary judgment, arguing that the deed of trust was preserved by the federal foreclosure bar in 12 U.S.C. § 4617(j)(3). The parties are familiar with the facts, and I do not repeat them here except where necessary. I grant the plaintiffs' motion as to defaulted defendant Connie Chen, who was the homeowner before the HOA foreclosure sale. But I deny the plaintiffs' motion as to Freddie Mac and grant Freddie Mac's motion because the federal

---

[1] Defendant Connie Chen defaulted. ECF No. 1-19. The plaintiffs stipulated to dismiss defendant First American Trustee Servicing Solutions, LLC. ECF No. 14.

foreclosure bar preserved the deed of trust as a matter of law. Finally, neither party addressed Freddie Mac's unjust enrichment counterclaim, and that counterclaim is not explicitly pleaded in the alternative to the declaratory relief claim. I therefore direct Freddie Mac to file a status report regarding whether it intends to pursue that claim further.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Defendant Chen**

The plaintiffs move for judgment as to all defendants. ECF No. 34 at 1. Defendant Chen previously defaulted in this case and she did not respond to the plaintiffs' motion. She therefore

has not pointed to evidence that would (1) counter the plaintiffs' evidence and the presumption that the HOA sale was properly conducted, (2) overcome the presumption in favor of the plaintiffs as titleholders of record, or (3) otherwise support setting aside the sale as to her. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). I therefore grant the plaintiffs' motion as to Chen.

**B. Defendant Freddie Mac**

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to ... foreclosure[ ] or sale without the consent of [FHFA]." Freddie Mac argues that under the federal foreclosure bar, the HOA sale could not extinguish its interest in the property because at the time of the sale, FHFA was acting as Freddie Mac's conservator and Freddie Mac owned an interest in the property.

The question of whether the federal foreclosure bar applies to preserve Freddie Mac's interest in this property following the HOA's foreclosure sale of its superpriority lien is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Freddie Mac's interest in property without FHFA's affirmative consent. *Id.* at 927-31.

The plaintiffs offer a variety of arguments as to why the federal foreclosure bar should not operate to preserve the deed of trust in this case. None of those arguments precludes summary judgment in Freddie Mac's favor, however.

/ / / /

/ / / /

*1. Freddie Mac Did Not Have to Record Its Interest*

The plaintiffs argue that Freddie Mac had to record its interest for it to be enforceable against third parties like the plaintiffs. However, both the Supreme Court of Nevada and the Ninth Circuit have rejected similar arguments. *See Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1149-50 (9th Cir. 2018); *Berezovsky*, 869 F.3d at 932; *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019) (en banc); *SFR Invs. Pool 1, LLC v. Green Tree Servicing, LLC*, No. 72010, 432 P.3d 718, 2018 WL 6721370, at *2 & n.3 (Nev. 2018); *CitiMortgage, Inc. v. TRP Fund VI, LLC*, No. 71318, 435 P.3d 1226, 2019 WL 1245886, at *1 & n.3 (Nev. 2019).

*2. The Plaintiffs Lack Standing to Raise the Statute of Frauds*

The plaintiffs argue there is no written instrument transferring the note and deed of trust to Freddie Mac and therefore any transfer violates the statute of frauds. However, the plaintiffs are not parties to the note or deed of trust, so they lack standing to assert the statute of frauds as a defense. *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963) ("The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest.").

*3. Servicer Guidelines Do Not Constitute Consent*

The plaintiffs argue that the servicer guidelines require Freddie Mac's servicer to satisfy any liens that may take priority over Freddie Mac's interest and to indemnify Freddie Mac for any losses. They argue those guidelines were written after Freddie Mac was placed into conservatorship and so those provisions would be meaningless unless Freddie Mac's interest could be extinguished through a foreclosure. However, the federal foreclosure bar requires FHFA's affirmative consent to its interest being extinguished. *Berezovsky*, 869 F.3d at 929

(stating the federal foreclosure bar "cloaks Agency property with Congressional protection unless or until the Agency affirmatively relinquishes it"). The plaintiffs present no evidence that FHFA consented to this deed of trust being extinguished and Freddie Mac has presented evidence that FHFA has not consented to any HOA foreclosures of superpriority liens extinguishing FHFA's interests. ECF No. 36-10.

### *4. There is No Due Process Violation*

The plaintiffs argue they had no notice that they needed to obtain FHFA's consent and there was no way to obtain that consent. They also argue the federal foreclosure bar operates to deny the HOA of its property rights without due process.

The plaintiffs lack standing to assert the HOA's rights. *Berezovsky*, 869 F.3d at 927 n.2. To the extent the plaintiffs are contending their own due process rights were violated by the lack of notice or lack of means to request FHFA consent, those arguments have already been rejected by the Ninth Circuit and this court. *See Fed. Home Loan Mortg. Corp.*, 893 F.3d at 1147-51; *Nationstar Mortg. LLC v. Tow Properties, LLC II*, No. 2:17-cv-01770-APG-VCF, 2018 WL 2014064, at *5-7 (D. Nev. Apr. 27, 2018). The federal foreclosure bar does not violate the plaintiffs' due process rights as a matter of law.

### *5. Freddie Mac Has Met Its Burden of Establishing an Ownership Interest*

The plaintiffs argue Freddie Mac's evidence fails to establish it had an ownership interest at the time of the HOA foreclosure sale. But the *Berezovsky* court accepted as proof of ownership the same type of evidence offered in this case. 869 F.3d at 932-33. Consequently, Freddie Mac has met its initial burden of showing it owned an interest in the property at the time of the sale. The burden thus shifts to the plaintiffs to present evidence raising a genuine dispute about Freddie Mac's interest. They have not done so. Instead, they express doubt about Freddie

Mac's evidence. But the plaintiffs must show "more than metaphysical doubt as to the material facts," and they have "not done so here." *Id.* at 933 (quotation omitted). Consequently, no genuine dispute remains that Freddie Mac owned an interest in the property at the time of the HOA foreclosure sale.

### *6. The Federal Foreclosure Bar Operates as a Matter of Law*

The plaintiffs argue that they are bona fide purchasers, that Freddie Mac is not entitled to equitable relief because it failed to act prior to the sale, and that the federal foreclosure bar does not apply to private actors.

Nevada's law on bona fide purchasers is preempted by the federal foreclosure bar. *JPMorgan Chase Bank, N.A. v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018). Consequently, the plaintiffs' status as bona fide purchasers is irrelevant. Further, Freddie Mac did not have to take action to protect its interest prior to the HOA foreclosure sale because the federal foreclosure bar "does not require the Agency to actively resist foreclosure." *Berezovsky*, 869 F.3d at 929. "Rather, the statutory language cloaks Agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." *Id.* Finally, both the Supreme Court of Nevada and the Ninth Circuit have held that the federal foreclosure bar applies to HOA nonjudicial foreclosure sales. *Berezovsky*, 869 F.3d at 928-29; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) (en banc).

### *7. Summary of Declaratory Relief and Quiet Title Claims*

Freddie Mac has presented sufficient evidence to meet its initial burden of showing the federal foreclosure bar preserved the deed of trust. The plaintiffs have not presented evidence raising a genuine dispute that the federal foreclosure bar does not apply. Freddie Mac therefore

6

is entitled to judgment as a matter of law on its declaratory relief counterclaim and necessarily is also entitled to judgment on the plaintiffs' claims to quiet title and for declaratory relief. The plaintiffs took title to the property subject to the deed of trust because under the federal foreclosure bar the HOA sale could not extinguish Freddie Mac's interest in the property.

*8. Unjust Enrichment*

Freddie Mac asserted a counterclaim for unjust enrichment. ECF No. 1-22 at 12. No party moved for summary judgment on that claim. The claim is not explicitly pleaded as an alternative to the declaratory relief claim. Thus, I do not dismiss it as moot at this time. Instead, I direct Freddie Mac to advise me and the plaintiffs whether it still intends to pursue this claim.

## II. CONCLUSION

I THEREFORE ORDER that plaintiffs Paul Pawlik and Southern Capital Preservation, LLC's motion for summary judgment **(ECF No. 34) is GRANTED in part**. The clerk of court is instructed to enter judgment in favor of plaintiffs Paul Pawlik and Southern Capital Preservation, LLC and against defendant Connie Chen as follows: It is declared that the homeowners association foreclosure sale conducted on June 13, 2014 extinguished all right, title, or interest that defendant Connie Chen had in the property located at 8989 Marmo Avenue in Las Vegas, Nevada, and plaintiffs Paul Pawlik and Southern Capital Preservation, LLC have superior title over Connie Chen with respect to that property.

I FURTHER ORDER that defendant Federal Home Loan Mortgage Corporation's motion for summary judgment **(ECF No. 36) is GRANTED**. The clerk of court is instructed to enter judgment in favor of defendant Federal Home Loan Mortgage Corporation and against plaintiffs Paul Pawlik and Southern Capital Preservation, LLC as follows: It is declared that the homeowners association foreclosure sale conduced on June 13, 2014 did not extinguish the deed

of trust and the property located at 8989 Marmo Avenue in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that by **November 22, 2019**, Federal Home Loan Mortgage Corporation shall advise the court and the plaintiffs whether it intends to pursue its counterclaim for unjust enrichment. If it intends to pursue that claim, then the proposed joint pretrial order is due **December 16, 2019**.

DATED this 13th day of November, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE